IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLLEEN RAVESTEIN, individually and as Administrator for the Estate of Jesus Humberto Munoz, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY, NEBRASKA, WELLPATH, LLC, AMBER M. REDMOND, JOHN MORRISON, WILLIAM SHEARON, JUSTIN TEETER, SETH VAN MAANEN, WILLIAM YOUNG, SHANE PETERSON, DENNIS MCFARLAND, ANTHONY ROBERTS, NICHOLAS SCHROEDER, ANDREW WORTHING, ARTURO COMACHO, DEONDRE N. HOOK, DAVID L. BARNES, TRISHA PORTREY, LPN; LORI LIMBACH, LPN; OFFICIAL DOES 1-10, in their individual and official capacities; STAFF DOES 1-50, in their individual and official capacities; NURSE DOES 1-10, in their individual and official capacities; DOCTOR DOES 1-10, in their individual and official capacities; and MICHAEL MYERS,<br><br>Defendants. | 8:21CV442<br><br><br><br>AMENDED CASE PROGRESSION ORDER |

This matter comes before the Court on the Plaintiff's Amended Unopposed Motion to Extend Deadlines (Filing No. 66). After review of the parties' motion, the Court finds good cause to grant the requested extensions. Accordingly,

**IT IS ORDERED** that the Plaintiff's Amended Unopposed Motion to Extend Deadlines (Filing No. 66) is granted, that the Plaintiff's Unopposed Motion to Extend Deadlines (Filing No. 65) is denied as moot, and the initial case progression order is amended as follows:

1) The deadlines for moving to amend pleadings or add parties remain:

    For Plaintiffs:        **June 10, 2023**
    For Defendants:    **July 9, 2023**

2) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiffs:        **June 12, 2023**
    For the defendants:    **July 10, 2023**
    Plaintiffs' rebuttal:    **July 24, 2023**

3) The deadlines for completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

| | |
|---|---|
| For the plaintiffs: | **July 10, 2023** |
| For the defendants: | **August 14, 2023** |
| Plaintiffs' rebuttal: | **August 28, 2023** |

4) The deadline for completing initial written discovery limited to immunity issues under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **July 14, 2023**. Motions to compel such written discovery under Rules 33, 34, and 36 must be filed by **July 28, 2023**.

**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court.

5) The status conference on March 3, 2023, is cancelled. A status conference to discuss case progression and the parties' interest in settlement will be held with the undersigned magistrate judge on **July 28, 2023,** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

6) The deadline for filing motions to resolve immunity issues is **October 2, 2023**. Further progression will be deferred until after resolution of such motion.

7) The parties shall contact the undersigned's chambers within ten (10) days after a ruling on any dispositive motions on the immunity defenses to set a status conference to discuss further progression of any remaining issues.

8) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 10th day of January, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.