IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COLLEEN RAVESTEIN, individually and as Administrator for the Estate of Jesus Humberto Munoz, deceased,<br><br>                Plaintiff,<br><br>   v.<br><br>DOUGLAS COUNTY, NEBRASKA, WELLPATH, LLC, AMBER M. REDMOND, DEONDRE N. HOOK, DAVID L. BARNES, TRISHA PORTREY; LORI LIMBACH; OFFICIAL DOES 1-10, in their individual and official capacities; STAFF DOES 1-50, in their individual and official capacities; NURSE DOES 1-10, in their individual and official capacities; DOCTOR DOES 1-10, in their individual and official capacities; and MICHAEL MYERS,<br><br>                Defendants. | 8:21CV442<br><br>MEMORANDUM<br>AND ORDER |

       This matter is before the Court on a Joint Stipulation to Voluntary Dismissal of Plaintiff's Federal Claim and Unidentified Defendants (Filing No. 95) filed by plaintiff Colleen Ravestein ("Ravestein"), individually and as Administrator for the Estate of Jesus Humberto Munoz, deceased, and defendants Douglas County, Nebraska; Wellpath, LLC; Trisha Portrey; and Lori Limbach (collectively, the "stipulating defendants" and with Ravestein, the "movants"). The joint stipulation follows a status conference with the magistrate judge on February 15, 2024.

       The movants stipulate that Ravestein "has, in essence if not necessarily form, made" an unopposed "oral motion for voluntary dismissal of her federal law claims against all remaining Defendants." They further state that upon entry of a court order

reflecting the terms of their stipulation, only Ravestein's state-law claims will remain and only against the stipulating defendants.

They nonetheless ask the Court to retain jurisdiction of this case. As they see it, "the balance of factors federal Courts weigh when considering the question of whether to retain jurisdiction of an action asserting only State-law claims weigh in favor of [this Court] continuing to exercise jurisdiction of this lawsuit." They do not elaborate on those factors.

The movants do not give a statutory or procedural basis for their joint stipulation. Voluntary dismissal is generally governed by Federal Rule of Civil Procedure 41. At first glance, the movant's stipulation ostensibly appears to fit within Rule 41(a)(1)(ii), which generally permits dismissal without a court order on the parties' agreement. But the movants also mention an "oral motion" to dismiss, and their stipulation does not seem to be "signed by all parties who have appeared" as required by Rule 41(a)(1)(ii), so it is not clear it is covered by that rule.

The Court will therefore construe their submission to be an unopposed request for voluntary dismissal under Rule 41(a)(2) and grant the requested dismissal of Ravestein's federal claims against all of the defendants. That leaves the question of whether to retain jurisdiction of her state-law claims.

Under 28 U.S.C. § 1367(a), the Court could continue to exercise supplemental jurisdiction over those claims. *See also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) ("Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims."). But it can also decline to exercise that jurisdiction. *See id.*; 28 U.S.C. § 1367(c)(3); *Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 933 (8th Cir. 2013) ("A district court's discretion in these circumstances is very broad.").

In determining whether to retain jurisdiction, the Court balances "factors such as judicial economy, convenience, fairness and comity." *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [those] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 35 n.7 (1988); *accord Wells ex rel. Glover v. Creighton Preparatory Sch.*, 82 F.4th 586, 594 (8th Cir. 2023). The Court will generally avoid making "[n]eedless decisions of state law . . . both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Marianist Province of United States v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019) (alteration in original) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *accord Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (explaining federal courts should decline to exercise supplemental jurisdiction over claims that depend on determinations of state law).

The movants give no compelling reason for the Court to change course here. *See, e.g.*, *Thompson v. Kanabec County*, 958 F.3d 698, 708-09 (8th Cir. 2020) (concluding "the balance of factors demonstrate[d] that [the plaintiff's] state law claims properly belong[ed] in state court" because the plaintiff failed to point to a factor that distinguished his "'case from the usual case'" (quoting *Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016))). The Court will dismiss Ravestein's state-law claims without prejudice to their timely reassertion in state court as she sees fit.

Just one more thing. The movants question whether this case can be remanded to state court because it was originally filed in federal court. It can't. But § 1367(d) provides the mechanism to preserve Ravestein's right to timely pursue her state-law claims and any defendant's right to raise appropriate defenses. Under § 1367(d), "[t]he period of limitations . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." *See also*

*Artis v. D.C.*, 583 U.S. 71, 76 (2018) ("If a district court declines to exercise jurisdiction over a claim asserted under § 1367(a) and the plaintiff wishes to continue pursuing it, she must refile the claim in state court."). That provision gives Ravestein ample time to file her state-law claims in the appropriate state court.

Based on the foregoing,

IT IS ORDERED:

1. The movants' joint stipulation (Filing No. 95)—construed as an unopposed motion to dismiss—is granted in part and denied in part.
2. Plaintiff Colleen Ravestein's federal claims are dismissed as to all defendants.
3. Her state-law claims are dismissed without prejudice to her refiling them in state court in accordance with 28 U.S.C. § 1367(d)'s tolling provision.
4. This case is dismissed without prejudice.
5. The parties will bear their own attorney fees, costs, and expenses.
6. A separate judgment will issue.

Dated this 8th day of March 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge